HORATIO N. BURROUGHS et al., executors, &c., of Aaron T.
Burroughs,

*v.*

WILLIAM M. JAMIESON, administrator of Thomas Downing.

[Filed January 6th, 1902.]

1. Two legacies, of $500 each, were given, one to Thomas the other to
Sarah, payable after the death of the testator's widow. In case Sarah pre-
deceased the widow, her legacy was given to Thomas. This provision
follows: "In case, however, both shall die before the decease of my wife,
then it is my will that the said sum of $1,000 be taken as part of the
residue of my estate and divided as hereinafter provided for." Thomas
survived the testator, but died before the widow. Sarah survived her.—
*Held*, the legacy given to Thomas vested in him at the testator's death
and could only be divested by the death of *both* Thomas and Sarah before
the widow, taking both legacies, *the whole $1,000*, into the residue. The
death of both did not happen, and, consequently, there was no divesting
of Thomas' legacy. His representatives are entitled to it.

2. Where a gift by will is phrased in language which is clear and con-
clusive, expressing a single meaning, without ambiguity, and not impossible
of fulfillment, a court will not, under profession of construction, vary the
expressed intent of the testator by interpolating an additional condition.

On bill and answer.

This bill is filed by the complainants as executors of the will
of Aaron T. Burroughs, asking the instruction of this court as
to the meaning of their testator's will, affecting a bequest to
Thomas Downing, contained in the nineteenth item. The bill
sets out portions of the will whereby the testator disposes of nine
money legacies to the nephews and nieces. Each legacy is given
in terms which vest it in the legatee, but the enjoyment of it is
postponed until the decease of the widow of the testator. One
legacy to his nephew Horatio N. Burroughs of $6,000, directs
that in case he shall predecease the widow, he may bequeath it
by will, or if he die intestate, that it shall go to his heirs. All
the other eight legacies to the nephews and nieces provide that

if the legatee shall predecease the widow, leaving issue who shall survive the widow, the issue shall take; if the legatee predecease the widow leaving no issue who survive her, the legacy shall fall into the residue of the testator's estate.

The legacy in dispute is given in the nineteenth paragraph of the will in these words:

"*Nineteenth.* I give and devise to Thomas Downing and to his sister, Sarah Elizabeth Downing, to each of them, the sum of five hundred dollars to be paid in one year after the decease of my wife with interest thereon from the date of her decease. In case Sarah E. Downing should die before the decease of my wife, then it is my will that the said Thomas Downing have that which is hereby given to the said Sarah E. Downing. In case, however, both shall die before the decease of my wife, then it is my will that the said sum of one thousand dollars be taken as part of the residue of my estate, and divided as hereinafter provided for."

The twentieth paragraph of the will is the residuary clause and is in these words:

"*Twentieth.* All the rest, residue and remainder whatsoever and wheresoever the same may be, I give, devise and bequeath in equal shares to my nephews and nieces who are hereinbefore named as legatees. · In case, however, any of my said nieces or nephews shall die before the decease of my wife leaving lawful issue, then I give the share of the residue of my estate which would belong to such nephew or niece, if living, to such of his or her lawful issue as may be living at the time of my wife's decease. In case, however, that at the time of the decease of my wife any of said nieces or nephews shall have died, and there be no lawful issue of such living at the time of the decease of my wife, then it is my will that the share of the residue of my estate which would belong to such niece or nephew, if living, shall be divided between such nieces and nephews as are living and the living issue of such as shall have died, said issue to receive the share which their parent would have been entitled to and the nephews and nieces receiving share and share alike, after giving said living issue the share which their parent or parents would have been entitled to, if living."

The bill shows that the testator died in August, 1881; that his will was probated in September of that year; that Sarah A. Burroughs, the widow of the testator, died in the year 1900, and that the legatee, Thomas Downing, predeceased the widow, dying in the year ——; that the legatee, Sarah E. Downing, still survives; that letters of administration upon the estate of Thomas Downing have been issued to the defendant, William M.

Jamieson, who claims from the complainants, as executors, the payment of the $500 legacy bequeathed to Thomas Downing.

The executors allege that they are unable to determine whether this legacy has, under the terms of the will of their testator, Aaron T. Burroughs, become a part of the estate of Thomas Downing, or whether the latter's interest has, by reason of his predeceasing the widow, fallen into, and become part of, the residue of Aaron T. Burrough's estate, but they assert that they are advised that the Thomas Downing legacy has, in fact and in law, become part of the residue of their testator's estate.

They pray an interpretation of Aaron T. Burrough's will in the particulars named, and direction to whom to pay the Thomas Downing legacy.

The defendant, the administrator of Thomas Downing, admits, in his answer, all the allegations of the bill, and insists that, by the true meaning of the will of Aaron T. Burroughs, the legacy to Thomas Downing was vested absolutely; that it was not divested by his predeceasing the widow of the testator, and that it is now payable to the defendant as the administrator of Thomas Downing.

The cause was heard on bill and answer. At the hearing it appeared that the whole will of Aaron T. Burroughs should be before the court, and, by consent of both parties, the original was produced from the secretary of state's office and accepted in evidence, without proof.

*Mr. Linton Satterthwait,* for the complainants.

*Mr. William M. Jamieson, pro se.*

Grey, V. C.

An examination of the whole will of the testator, Aaron T. Burroughs, shows that after directing the payment of his debts he makes several special provisions for his widow, notably the use of the homestead, and its equipment and annuity of $500, all during her natural life. He directs the sale of the residue of his real estate, and that the proceeds, after the payment of several minor gifts, shall be invested; that the income therefrom

shall be used to pay the widow's annuity, and that the residue shall be accountable for the payment of the legacies after her death and the purposes of the will. Then follow several money legacies to boards of missions and after them the several legacies to nephews and nieces set forth in the bill of complaint.

There is but a single question in dispute in this case; that is, did the legacy given to Thomas Downing divest because he died before the death of the widow of the testator?

The words of the nineteenth item giving the legacy are words of present gift. The time of enjoyment only is postponed. Thomas survived the testator. The legacy vested in Thomas on the testator's death. It then became an asset of Thomas Downing. The words giving this legacy are within the settled rule that where the words of gift are *in præsenti*, and the time of enjoyment only is postponed, the legacy vests immediately upon the death of the testator. *Gifford* v. *Thorn, 1 Stock. 705 (Court of Appeals)*.

It is admitted by the complainant's counsel that the effect of the words of bequest to Thomas gave him a vested interest in his legacy, but he insists that, by the true construction of the whole will, the legacy to Thomas was subject to be divested, not only in case both Thomas and Sarah predeceased the wife of the testator, but in case Thomas only should so die.

Neither the nineteenth paragraph nor any other part of the will contains any provision defeating the gift to Thomas in case he alone predeceases the wife of the testator. He gave to Thomas and to Sarah—$500 to each—to be paid in one year after the decease of his wife. He had under consideration the possibility of the death of these legatees before the death of his wife, and he declared that in case that should happen, his will was that if Sarah so died, Thomas should have Sarah's share also, and that in case both should predecease his wife, then the whole $1,000 (both legacies) should fall into the residue.

Obviously the testator did not intend that Thomas' legacy should fall into the residue in case he alone predeceased the widow. This is conclusively shown by the fact that he directs the falling into the residue to take place only in case *both* Thomas and Sarah should predecease the widow, and then that both their legacies, *the whole $1,000,* should fall in. As, in fact, Thomas

only has so died, and Sarah survived the widow, nothing in the will or in the subsequent event has divested Thomas' legacy. On this point this case is controlled, if it needs a precedent, by the case of *Neilson* v. *Bishop, 18 Stew. Eq. 476,* where a legacy was given to two, to revert in case of the death of both without issue. It was held there could be no reverter on the death of one only.

The complainants' counsel insists that this construction is inconsistent with the general scheme of the will; that the whole will shows that the testator intended, after providing for his debts and an annuity for his wife, to have the rest of the estate accumulate, and the legacies to be paid to those who survived her, and that the legacies given to those who predeceased her should fall into the residue.

In my view the gift to Thomas is, on the point in question, too plainly expressed to be open to construction. The language used is clear and conclusive. It express a single meaning, without ambiguity. It was not impossible of fulfillment. Such a bequest needs no construction. The testator has himself plainly said what he intended. No court, under profession of the construction of his will, should defeat his expressed purpose by interpolating an additional or varying condition.

If speculation is to be indulged in to ascertain why the testator phrased the legacy in question as it appears in his will, a fair inference may be drawn which sustains the obvious meaning of the words used. The testator evidently intended to give Thomas more favorable consideration than Sarah, for he directs that if Sarah should predecease the widow, Thomas should take Sarah's legacy, but does not reverse this and give Thomas' legacy to Sarah in case Thomas should predecease the widow. As the will was originally drawn the limitation as between Sarah and Thomas was to the survivor of them, but the will was corrected in this particular at the time of its execution, as appears on inspection. It is not difficult to believe that, this matter being brought directly to the attention of the testator, he was willing to give special consideration to these two legacies by directing their divestiture only in case both legatees should predecease the widow. But no explanation is needful. He has plainly said what he intended,

Camden & Trenton Ry. Co. v. Adams.

and it is in no way necessary that his will should state any reason why he had the intention so clearly expressed.

These two are not the only legacies which vary from the eight gifts to nephews and nieces, which are phrased, in almost uniform language, to fall into the residue in case the legatee predeceases the widow leaving no issue, and which the complainants assume constitute the scheme of the will. The legacy to Horatio N. Burroughs is also an exception, for in case he predeceased the widow, his legacy was made payable to his legatee, or if he died intestate, to his next of kin.

The complainants should pay the legacy to the defendant as the representative of the estate of Thomas Downing.