## CRUIT *v.* OWEN.

### APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 51.   Argued October 19, 22, 1906.—Decided December 3, 1906.

A trust in a will in favor of testator's four daughters and "from and after their death" for the "children of each of them," and in which the idea of provision for the grandchildren is especially prominent, will not be construed, by rigidly giving plurality to the pronoun "their," as creating a joint tenancy so that the last surviving daughter takes all the income to the exclusion of the children of her sisters previously deceased.

25 App. D. C. 514, affirmed.

THE facts are stated in the opinion.

*Mr. Edward H. Thomas* for appellant.

*Mr. Chapin Brown*, with whom *Mr. J. P. Earnest* was on the brief, for appellees.

MR. JUSTICE McKENNA delivered the opinion of the court.

This suit involves the construction of the will of Robert

Cruit, deceased, and, as dependent thereon, the liability of appellant to account to the appellees for the rents of certain real estate located in the city of Washington and in the State of Virginia. Decree in the Supreme Court passed for appellees, which was affirmed by the Court of Appeals. 25 App. D. C. 514.

The will was executed September 1, 1858, and was duly admitted to probate.[1] The testator left surviving him a wife

---

[1] This is the last will and testament of me Robert Cruit of the city of Washington in the District of Columbia.

First I give my two nephews Edwin Cruit the son of George, and Henry the son of John L. Cruit, the legacy of one hundred dollars, to each of them, to be paid as soon after my death as may be. And all the rest residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever situated, I give devise and bequeath unto my dear daughter Susan Cruit, her heirs, executors and administrators, upon the following trusts to wit In trust for my dear wife Catherine for and during her life, and to permit her to receive and take the whole income thereof after paying taxes repairs and insurance, and to apply and dispose of such net income as she my said wife may think proper and from and after her decease, in trust, as to my real estate for my dear daughters Catherine E. the wife of Samuel Owens, Ann Cruit, Louisa Cruit, and herself the said Susan Cruit, equally share and share alike, for and during their respective lives, for their own sole and separate benefit, free from the control of the husband of my said daughter Catherine and any husband or husbands she or my said other daughters or any of them, may hereafter happen to marry, and not to be liable in any way for the debts of any such husbands, the receipts of my said daughters alone being a valid discharge And from and after their death in trust for the child or children of each of my said daughters then living in fee simple, such child or children respectively to take the share to which his, her or their parent was entitled And if any of my said daughters shall die without having been married, her share shall pass to her or their surviving sisters or sister for life equally; and upon her or their death the same shall vest in her or their child or children in the same manner, and for the same estate and pass on her or their death, as her or their original shares or share And as to my personal property, also given in trust as above expressed, I direct that the same shall, after the death of my said wife, be divided equally among all my said children, Catherine, Susan, Ann and Louisa share and share alike, and I accordingly give the same to them as aforesaid for their own sole and separate use

And lastly I appoint my said daughter, Susan Cruit, sole executrix of this my last will and testament. And if my said daughter shall die or from any cause should become unable to act in the trust, I direc⸴. that a trustee

and four daughters, Catherine E., then the wife of Samuel Owen, Susan, Ann (appellant) and Louisa. The widow of the deceased died May 13, 1876; Louisa died January 2, 1876; Susan died December 31, 1900, and Catherine E. Owen died May 14, 1901. Susan and Louisa never married, nor has Ann up to the present time. Catherine E. Owen left surviving her three daughters, Evania F. Mackall and the appellees, Kate D. Owen and Jessie Owen Cugle. The property produces an income of $11,000 or $12,000.

The question in the case is whether appellant succeeded to the whole estate upon the death of Catherine E. Owen, or whether the children of the latter, appellees, were the successors of their mother.

The will gives small legacies to two nephews, and disposes of "all the rest and residue and remainder of the testator's estate to Susan Cruit in trust (1) for his wife for and during her life, and to permit her to take and receive the whole income thereof; (2) in trust, as to testator's real estate, to his daughters equally, share and share alike, for and during their respective lives, . . . and from and after their death in trust for the child or children of each of my said daughters, then alive, in fee simple, such child or children, respectively, to take the share to which his, her or their parent was entitled. And if any of my said daughters shall die without having been married, her share shall pass to her or their surviving sisters or sister for life equally, and upon her or their death the same shall vest in her or their child or children in the same manner and for the same estate and pass on her or their death, as her or their original share or shares."

We do not think it is difficult to discern the intention of the testator. There is very little ambiguity in the will. If ambiguity exist it is in the pronoun "their" in the provision " and from and after their death in trust for the child or children of each of my said daughters then living in fee simple, such

shall be appointed by the Circuit Court so that the trusts hereby created shall be at all times preserved and carried into effect.

child or children respectively to take the share to which his, her or their parent was entitled." It is contended by appellant that it is manifest from these words and others in the will that it was drawn by a skillful hand to create a joint tenancy in the daughters of the testator, and cases are cited in which wills containing such words have been construed, it is contended, as giving such effect. We might review these cases and those cited in opposition by appellees if the will in controversy were less clear in its meaning. Provision for his daughters and equality between them were clear and definite in the mind of the testator. One daughter was married and that the others might be was contemplated, and that children might result therefrom. This idea is especially prominent and is carefully expressed and provision is made for such children. The contention of appellant militates against this idea. It would leave grandchildren unprovided for. If such had been the intention of the testator, we think, he would have explicitly expressed it. It was not so natural an intention as the other. It is not the first impression of the will, and can only be made out by rigidly giving plurality to the pronoun "their" in the provision "and from and after *their* death in trust for the child or children of each of my said daughters, then living, in fee simple." But the word is qualified and made several by what precedes it. The devise is to his daughters "for and during *their respective* lives." It is qualified also by what follows it. One of the daughters of the testator was married, the others were not, and might not be, and anticipating this possibility the testator provided that if any of his daughters should die without having been married her share should pass to the survivors. In other words, it was only upon the death of a daughter "without having been married" (and without issue possibly), that her share was to pass to her sisters or sister. We also agree with the courts below that the trust continues.

The concluding paragraph of the will is:

"And lastly I appoint my said daughter Susan Cruit sole

executrix of this my last will and testament. And if my said daughter shall die or from any cause should become unable to act in the trust; I direct that a trustee shall be appointed by the Circuit Court so that the trusts hereby created shall be at all times preserved and carried into effect."

*Decree affirmed.*