## MAYO v. WHEDON.

WILLS; AMBIGUITY; "FACE VALUE;" DISTRIBUTION; EXECUTORS AND ADMINISTRATORS.

1. Rules of construction determining what constitutes specific, general, and demonstrative legacies are resorted to only where the meaning of the testator is obscure. The necessity for judicial construction never arises until uncertainty is encountered.
2. The words, "face value," in a will which bequeathes to a legatee "one railroad bond of the face value of $1,000," are not ambiguous. Face value expresses the idea of denomination; the amount printed on the face of the bond referred to.
3. It is the duty of the court to give to the words of a will their full natural meaning. (Citing *Cruit* v. *Owen*, 25 App. D. C. 514, affirmed in 203 U. S. 368; and *Travers* v. *Reinhardt*, 25 App. D. C. 567, affirmed in 205 U. S. 423.)
4. Where a testatrix bequeathes to each of a number of legatees one or more bonds "of the face value of $1,000," and a few of the numerous bonds of the estate are appraised at more than their face value, while the others are appraised at less than their face value, the matter of the distribution of the bonds among the legatees is discretionary with the executor of the will; and, in the absence of a showing of an abuse of such discretion, a legatee receiving bonds appraised at less than their face value has no legal ground of complaint.

No. 3107.   Submitted November 5, 1917.   Decided December 3, 1917.

---

NOTE.—As to whether bequest of stocks, bonds, or notes is general or specific, see note in 11 L.R.A. (N.S.) 49.

HEARING on an appeal by the exceptants from an order of the Supreme Court of the District of Columbia sitting as a probate court, overruling exceptions to a report of a Special Master.                                            *Affirmed.*

The Court in the opinion stated the facts as follows:

The appellants, Amy K. Mayo, John L. Girdler, and Helen Girdler, claim under the following clause of a will:

"Seventh. I give, devise, and bequeath to the three children of my half brother, Samuel K. Girdler, now deceased, as follows: To Amy K. Mayo, of Los Angeles, Cal., one railroad bond of the face value of one thousand ($1,000) dollars; to John L. Girdler, of Los Angeles, Cal., one railroad bond of the face value of one thousand ($1,000) dollars; to Helen Girdler, of Los Angeles, Cal., eight railroad bonds of the face value of one thousand ($1,000) dollars each."

The executors, Americus Whedon and Elizabeth C. Wickersham, under the direction of the court, distributed to the named legatees the required number of bonds of the face value of $1,000 each, which, according to the appraisement made in the course of the administration of the estate, happened to be at that time worth less than their face value. Appellants say they were entitled to bonds of the *actual* value of $1,000 each, and that presents the question for decision.

*Mr. Enoch A. Chase* and *Mr. Haviland Tompkins* for the appellants.

*Mr. Oliver A. Phelps* for the appellees.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

We are invited to an examination of what constitutes specific, general, and demonstrative legacies; but we must decline, because the doctrine of such legacies is resorted to only where the meaning of the testator is obscure, and that is not the case here. If words taken according to their plain significance

lead to no absurd consequences, they must be presumed to have been used in that sense. The necessity for judicial construction never arises until uncertainty is encountered. *Benner* v. *Mauer*, 133 Wis. 325–329, 113 N. W. 663; *Burroughs* v. *Jamieson*, 62 N. J. Eq. 651–655, 53 Atl. 688. About the meaning of the phrase "face value" there is no ambiguity. It has often been before the courts for consideration and always with the same result. We give a few examples. Face value "expresses the idea of denomination, the amount printed on the face of the bonds referred to" (*Evans* v. *Tillman*, 38 S. C. 238, 17 S. E. 49); "par value means a value equal to the face of the bonds * * * . This is the accepted meaning of the term in the mercantile world" (*Ft. Edward* v. *Fish*, 156 N. Y. 363, 50 N. E. 973). "The words, 'face value,' * * * mean the amount named in the certificate for which the land was sold without interest thereon." *Olson* v. *Tanner*, 117 Wis. 544, 94 N. W. 305; see also *Supreme Council, A. L. H.* v. *Storey,* — Tex. Civ. App. —, 75 S. W. 901. From these decisions, and we have found none to the contrary, as well as from the plain import of the words themselves, face value expresses the value stamped upon the face of the bonds, and not the actual or any other value. The testatrix at the time of her death was the owner of a large number of bonds and stocks. She had been accustomed in her lifetime to deal extensively in like properties, and the appellants admit in their brief that she was a business woman familiar with such things. She knew, therefore, the distinction between actual value and face value, and must have used the latter term advisedly. It is our duty to give to the words of a will their full natural meaning. *Cruit* v. *Owen*, 25 App. D. C. 514, affirmed in 203 U. S. 368, 51 L. ed. 227, 27 Sup. Ct. Rep. 71; *Travers* v. *Reinhardt*, 25 App. D. C. 567, affirmed in 205 U. S. 423, 51 L. ed. 865, 27 Sup. Ct. Rep. 563.

Error is alleged because the executors in distributing the legacies gave to some of the legatees who were entitled to bonds of a given face value certain bonds which were worth $40 each more than their face value according to the official appraisement. It is a matter of common knowledge that the market value of bonds fluctuate, and therefore not much weight is to be

attached to the circumstance that at the time of the appraisement one bond in question was worth a little more than par. To-day perhaps they are worth considerably less. Out of all the bonds, amounting to over a hundred, which the executors had at their disposal, there were only five appraised for more than their face value. Four were distributed to legatees and one placed in the residuum. It was necessary for the executors to make some disposition of them; whether they should give them to one legatee, rather than to another, was a matter committed to their discretion. The record discloses no abuse of that discretion, and, even if it did, the appellants, having received all that they were entitled to, have no cause of complaint.

We think the judgment of the lower court is right, and it is therefore affirmed at the costs of the appellants.     *Affirmed.*