One, Anna M. Woods, was the mother of Henry Stanley Woods, who was the father of the complainant, James Stanley H. Woods, the defendants William H.S. Woods, Ella L. Danenhower and Anna L. Hague, and Walter R. Woods. On the 27th day of February, 1886, she furnished the consideration for, and, suggesting the object of the conveyance, caused Josiah Stokes and wife, and Mary L. Mason, to convey inter alia the premises described in the bill to William McGeorge, Jr. —
"In trust to permit and suffer Henry Stanley Woods to use, occupy and enjoy the said premises for and during all the term of his natural life as and for a home for himself and his family and from and after the decease of the said Henry Stanley Woods, then in trust to permit his wife, Anna M. Woods, to use, occupy and enjoy the said premises as and for a home for herself and her three children, William H.S. Woods, Ella L. Woods and Anna L. Woods for and during all the term of her natural life, should she so long remain his widow, and from and after the decease or remarriage of the said Anna M. Woods, then in trust, to permit and suffer the said William H.S. Woods, Ella L. Woods and Anna L. Woods, to use, occupy and enjoy the said premises until the eldest of them shall have arrived at the age of twenty-five years, and thereupon to convey the said premises absolutely to the said William H.S. Woods, Ella L. Woods and Anna L. Woods and the issue of such of them as shall then be deceased in equal shares, issue taking per stirpes. Provided, however, that it shall and may be lawful and competent for the said William McGeorge, Jr., trustee as aforesaid, at any time or times during the continuance of the said trust to grant, bargain and sell the said trust premises or any portion or portions thereof at his own discretion as to time, manner, price and terms and to convey the same by good and sufficient deed or deeds without liability on the part of the purchaser or purchasers to see to the application of the purchase money and to hold the proceeds of such sale or sales to, for and upon the same trusts as are above declared and set forth, investing and reinvesting the same at his own discretion in such securities as he shall deem safe and profitable, and applying the net income to the support and maintenance of said Henry Stanley Woods, his wife and their children aforesaid. And provided, further, that he may rent the said premises or any portion or portions thereof, applying the net rents to the support and maintenance of the said Henry Stanley Woods, his wife and their said children as aforesaid, the object hereof being to provide the said Henry Stanley Woods and his family with a home and support until the eldest of his children shall have arrived at the age of twenty-five years, and so long thereafter as he, the said Henry Stanley Woods, shall live and so long also as his wife, the said Anna M. Woods, shall remain his widow. And provided, lastly, that in no event shall *Page 504 
the said premises nor the proceeds, income nor rentals therof be or become liable or subject in the hands of the said trustee to the debts, contracts or engagements of the trust beneficiaries or any of them."
At the time of the said conveyance, William H.S. Woods, Ella L. Woods (now Danenhower) and Anna L. Woods (now Hague) were in being, and after that time the complainant, James Stanley H. Woods, and the defendant Walter Raymond Woods, were born to the said Henry Stanley Woods and his wife, the said Anna M. Woods.
The trustee, William McGeorge, Jr., having died, Percy McGeorge, his eldest son, as the holder of the legal title, is made a defendant.
Henry S. Woods occupied the premises in question, as and for a home for himself and his family during the term of his natural life; his wife, Anna M. Woods, who survived him, used, occupied and enjoyed the same as a home for herself and her family (not only for the three children named but for all of her children) for and during her life, she remaining a widow.
The eldest of the children having arrived at the age of twenty-five years (all the children being of age), the complainant files his bill for a construction of said deed and for a partition of the premises now held by the trustee (he having conveyed a portion thereof) and for a receiver to collect rents.
There can be no question but that Mrs. Woods desired that said trust should be:
1. To provide a home for her son and his family during his life.
2. From and after his decease, to provide a home for her daughter-in-law, the widow of her son, and the family of her deceased son for and during the life of the daughter-in-law, should she so long remain the widow of the deceased son.
It is inconceivable to believe that she intended to restrict the use of the home after her son's death to the three children named, and to exclude younger children of the marriage for whom she had provided by the use of the word "family" during the lifetime of the son. *Page 505 
3. After her death or remarriage to permit the children (as a class) to occupy the premises until the eldest of them shall have arrived at the age of twenty-five years.
It is just as inconceivable that she intended to furnish a home for the "family" during her son's lifetime, and that upon his death and the death of the widow that she intended that the three children named by her should have the right to the use of said premises to the exclusion of those children who were born after the date of the conveyance.
Were it not for the fact that it is clear that the after-born children were included in the trust after the death of their father, and also after the death of their mother, there might be some question to the final disposition of the premises.
The use of the phrase "per stirpes" indicated clearly that she intended that the grandchildrens' interest should be as a class, and I am convinced that no other intention than to provide for "all the children" of her son existed in her mind and that the use in the latter part of the trust of the names of the three children then in being was not a restriction of the use of the word "family" in the first part thereof.
The above conclusions are entirely confirmed by reading the authority to the trustee:
"Applying the net income to the support and maintenance of said Henry Stanley Woods, his wife and their children aforesaid." These words are repeated, and then follows: "The object hereof being to provide the said Henry Stanley Woods and his family with a home and support until the eldest of his children shall have arrived at the age of twenty-five years and so long thereafter as he, the said Henry Stanley Woods shall live and so long also as his wife, the said Anna M. Woods, shall remain his widow. And provided lastly that in no event shall the said premises nor the proceeds, income nor rentals thereof be or become liable or subject in the hands of the said trustees to the debts, contracts or engagements of the trust beneficiaries or any of them."
None of the counsel have called my attention to any case in this state, nor have I been able to find one, which would be a precedent for the determination of this question. *Page 506 
The rule for the construction and operation of trusts as laid down in 39 C.J. 196 is —
"The creation of a trust depends upon intention; * * * In determining the nature and terms of the trust, the object is to ascertain and effectuate the intention of the creator, and where a conveyance of property in trust is equally susceptible of either of two interpretations, that should be adopted which will carry out the main purpose of the donor and best give effect to the general scheme had in view by him. The whole instrument declaring the trust must be considered to ascertain the nature and terms of the trust."
Having determined, by the application of this rule, the intention of Mrs. Anna Woods in creating this trust, I will advise a decree in accordance with the views above expressed, and for a partition of the lands in question.