JAMES STANLEY H. WOODS, complainant-respondent,

*v.*

WILLIAM H. S. WOODS, defendant-appellant.

[Submitted May term, 1929. Decided October 14th, 1929.]

*Mr. Thomas R. Clevenger,* for the complainant-respondent.

*Mr. John A. Penn, Mr. S. Huntley Beckett* and *Mr. Louis B. LeDuc,* for the defendant-appellant.

The opinion of the court was delivered by

CASE, J.

This appeal brings up a decree of the court of chancery in which a trust deed was so construed as to add to the three named remaindermen, children of the lifetime tenants, two other children born of such life tenants after the execution of the trust deed. The court of chancery found in favor of such after-born children, one of whom was the complainant. The appeal is by one of the earlier born children specifically named in the trust deed. Under date of February 27th, 1886, Anna M. Woods (grandmother of the litigants) furnished the consideration for and suggested the object of a conveyance from certain third parties to a trustee covering the lands in dispute. The essential parts of the conveyance are as follows (the numerals do not appear in the deed but are inserted here for purposes of reference) :

"(1) In trust to permit and suffer Henry Stanley Woods to use, occupy and enjoy the said premises for and during all the term of his natural life as and for a home for himself and his family, (2) and from and after the decease of the said Henry Stanley Woods then in trust to permit his wife, Anna M. Woods, to use, occupy and enjoy the said premises as and for a home for herself and her three children, Williams H. S. Woods, Ella L. Woods and Anna L. Woods, for and during all the term of her natural life, should she so long remain his widow, (3) and from and after the decease or remarriage of the said Anna M. Woods then in trust to permit and suffer the said William H. S. Woods, Ella L. Woods and Anna L. Woods, to use, occupy and enjoy the said premises until the eldest of them shall have arrived at the age of twenty-five years, (4) and thereupon to convey the said premises absolutely to the said William H. S. Woods, Ella L. Woods and Anna L. Woods and the issue of such of them as shall then be deceased in equal shares, issue taking *per stirpes*."

Following which (5) power is given to the trustee to sell the premises at his discretion and "to hold the proceeds of such sale or sales to, for and upon the same trusts that are above declared," and to invest the same, "applying the net income to the support and maintenance of said Henry Stanley Woods, his wife and their children aforesaid," with the further power to the trustee to rent the premises, "applying

the net rents to the support and maintenance of the said Henry Stanley Woods, his wife and their children as aforesaid; (6) the object hereof being to provide the said Henry Stanley Woods and his family with a home and support until the eldest of his children shall have arrived at the age of twenty-five years and so long thereafter as he, the said Henry Stanley Woods, shall live and so long also as his wife, the said Anna M. Woods, shall remain his widow." There is added (7) a spendthrift trust for the protection of the trust beneficiaries.

The Henry Stanley Woods named in the deed was the son of the causative donor and the father of the parties complainant and defendant. The said Anna M. Woods died about 1901 or 1902. Her son, Henry Stanley Woods, died about 1915 or 1916. The latter's wife died in 1925. The complainant at the time of the hearing in 1927 was about thirty-seven years of age and his brother Raymond, who, with the complainant, was an after-born child, is four or five years younger. The bill of complaint alleges, in effect, that the two children born after the execution of the trust deed, namely, the complainant and his brother, Walter Raymond Woods, are included, by terms of the trust deed, with the other three brothers as co-beneficiaries, and that each of the children is seized of and entitled to an equal undivided fifth part of the premises, and prays that the court construe the trust deed to that effect and give ancillary aid; and by an amendment further alleges that by a mistake, mutual, material and not induced by negligence, the trust deed fails to express clearly the intention to include the complainant and his brother, Walter Raymond Woods, within its purview, and prays a reformation and correction of the deed in accordance with the alleged mutual intent of the parties to include after-born children. The only evidence in the case aside from the allegations of the bill and the admissions in the answer goes to the dates and ages above referred to, the fact that the parties did not receive property under the will of their grandmother, and, briefly, a few other details without salient bearing on the issue.

.The position of the complainant is that he contends primarily that the language of the trust deed properly construed is inclusive of his claim; that if it be considered that the language does not include the complainant as a beneficiary then the language is a mistake and the instrument should be reformed. The last contention is manifestly illogical; for there is no evidence of a mistake, whether mutual or otherwise, unless it be contained within the language of the instrument. If that language includes the complainant as a beneficiary, no reformation is needed; if the language does not include him then there is no evidence upon which an allegation of mistake may be maintained. To warrant a reformation for mistake the demonstration of mistake must be clear and satisfactory, such as produces a strong conviction of the truth; and the burden is on the complainant. *Universal Security Co.* v. *American Pipe, &c., Co.,* 95 *N. J. Eq.* 752; *Crosley* v. *Superb Realty Co.,* 93 *N. J. Eq.* 228. It is unnecessary to consider this phase of the case further, particularly inasmuch as the court of chancery did not base its decree thereon and that issue is not argued on the appeal.

The complainant concedes that "the case resolves itself to a construction of the deed of trust to determine what was the intention of the donor," and leans heavily upon the proposition that where a conveyance of property in trust is equally susceptible of either of two interpretations that should be adopted which will carry out the main purpose of the donor and best give effect to the general scheme had in view by him. But before this argument can apply there must be two interpretations equally available; and in our view such condition does not here exist. The march of time has brought the situation to the point where the provision in the trust deed, enumerated as No 4, is the pertinent feature. Henry Stanley Woods and his wife are dead. The eldest child has arrived at the age of twenty-five years. It thereupon becomes the duty of the trustee, under the terms of the deed, "to convey the said premises absolutely to the said William H. S. Woods, Ella L. Woods and Anna L. Woods, and the

issue of such of them as shall then be deceased in equal shares, issue taking *per stirpes.*" That language is as plain as appropriate words can make it. No court construction can add to the force and effectiveness of the language. Not only is the language positive and certain, but there are no other provisions in the instrument that are inconsistent with the obvious direction herein contained. The words of the trust deed that are used to set forth the second and third stages of the trust are equally certain, namely, "three children, William H. S. Woods, Ella L. Woods and Anna L. Woods," and "the said William H. S. Woods, Ella L. Woods and Anna L. Woods," and in the wording immediately under review, namely, the direction as to the fourth stage of the trust, not only are these same individuals mentioned by their full names, "William H. S. Woods, Ella L. Woods and Anna L. Woods," but provision is made that if either of them shall be dead the issue of that person shall take the parent's share *per stirpes.* A gift to individuals by name, although they may constitute a class standing alone, indicates an intention to give to them only as individuals. *Dildine* v. *Dildine, 32 N. J. Eq. 78; Pennsylvania Co.* v. *Riley, 89 N. J. Eq. 252; Aitken* v. *Sharp, 93 N. J. Eq. 336.* The cases just cited bear on the construction of wills, wherein the rules of construction allow more latitude to the court in ascertaining the contention of the donor than is permitted with respect to deeds. *Duffield* v. *Duffield, 268 Ill. 29; 108 N. E. Rep. 673.* The first stage of the trust was to allow Henry Stanley Woods to use, occupy and enjoy the premises during his lifetime as a home for himself and his family; that purpose was realized. The second and third directions were given literal fulfillment. The general object of the trust, as described in the language following the numeral "6" hereinabove set forth, was that Henry Stanley Woods and his family should be provided with a home and support until the eldest of his children should arrive at the age of twenty-five years and so long thereafter as the said Henry Stanley Woods should live and so long as his wife should live and remain his widow; and that too has been

210

fully complied with. We are, therefore, met with the proposition that every earlier provision of the trust has been fulfilled in detail, and for the next step the directions of the trust deed are clear and explicit. Nor is the development, in point of fact, strange or unnatural. The grandmother knew the three grandchildren living at the time this instrument was executed; presumably she loved them, knew their personalities and desired them, not merely as progeny but as individuals and personalities, to participate in her bounty. She provided for her son and his wife and their children up to a certain point; what more understandable than that she should make the grandchildren, whom she knew and loved, her ultimate beneficiaries? Mrs. Woods lived for many years after the instrument was executed and until the after-born children were about seven or eight years of age and twelve years of age, respectively. She had ample opportunity to seek correction of the trust deed. She never, so far as appears, changed her mind with respect to what should be accomplished with the property nor made any effort to alter the provisions already made. The slightly obscure language used in another part of this solemnly executed instrument is insufficient to deflect from their obvious course the plain and certain words that dispose of the remainder interest.

The decree should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 15.