18 N.J. Super. 49 (1952)
86 A.2d 594
FIDELITY UNION TRUST COMPANY, A NEW JERSEY CORPORATION, AND RUPERT B. LOWE, AS TRUSTEES, ETC., PLAINTIFFS-RESPONDENTS,
v.
ARTHUR E.C. HELLER ET AL., DEFENDANTS-RESPONDENTS, AND TRINDA HELLER ANTHONY AND WILLIAM F. AIGLER, ADMINISTRATOR DE BONIS NON WITH THE WILL ANNEXED OF THE ESTATE OF ARNAUD G. HELLER, DECEASED, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 1952.
Decided February 15, 1952.
*50 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Frederick Frelinghuysen argued the cause for the defendants-respondents (Messrs. Pitney, Hardin & Ward, attorneys; Mr. Roger C. Ward, on the brief).
*51 Mr. Nicholas Conover English argued the cause for the defendants-appellants (Messrs. McCarter, English & Studer, attorneys).
The opinion of the court was delivered by EASTWOOD, J.A.D.
This litigation involves the construction of a deed of trust made by Arthur E.C. Heller on May 1, 1935, to the Fidelity Union Trust Company and Rupert B. Lowe, trustees, whereby an irrevocable trust was created. The corpus consisted of 500 shares of Heller Brothers Company common stock and a $25,000 life insurance policy on the life of Paul E. Heller. The pertinent question is whether the estate of Arnaud G. Heller is entitled to the net income received by the trustees between the date of the establishment of the trust and the date of his death.
The parties concede that sections 1, 4 and 5 control the determination of the issue raised by this appeal, viz.:
"1. The Trustee shall hold, manage, invest and reinvest the same and every part thereof in the manner hereinafter specified, and shall collect and receive the income therefrom, and after deducting the commissions of the Trustee and the proper and necessary expenses in connection with the administration of the Trust Estate, including all taxes legally assessed on account thereof, shall, during the lifetime of Paul E. Heller, apply the net income, or so much thereof as shall be necessary, to the payment of the net premiums on a certain policy of insurance totalling $25,000.00, which policy was issued by the New England Mutual Life Insurance Company of Boston, Massachusetts on April 6, 1934, bearing Policy No. 802188, on the life of Paul E. Heller and made payable to the Donor, and now assigned as part of this Trust Fund, and any balance of said net income remaining in any one year after the net premiums for said year shall have been fully paid, as aforesaid, shall be held and distributed in accordance with the terms of this agreement, as hereinafter stated, unless such balance is required in any future year or years to pay said premiums, or any part thereof if said securities shall yield an amount insufficient to pay such premiums; further provided, that if such securities fail to yield sufficient income during any one year to pay such premiums, the said Donor, or his personal representatives, shall have the privilege of making a contribution to the Trustee of whatever amount is required in order to place the Trustee in sufficient funds to pay such premium, and any such advancements made by the Donor shall be repaid to him upon his request by the Trustee, *52 and which repayments are to be made out of income or principal of this Trust Estate. In the event the aforesaid income in any one year during the lifetime of said Paul E. Heller shall be insufficient to pay in full the net premiums for such year on the aforesaid policy of insurance and said Donor, or his personal representatives, does not contribute the required amount to make up the difference, then and in that event the Trustee shall have authority to make up the deficiency by a payment from the principal of the Trust Estate.

* * * * * * * *
4. Upon the death of Paul E. Heller, the net income from the Trust Estate, until distribution of corpus, shall be paid to the Donor's uncle, Arnaud G. Heller, during his lifetime, semi-annually, and upon his death shall be divided amongst the Donor's sisters, Frances Heller Blount, Ruth Heller Lowe, Wren Heller Lee, Gladys Heller Fenlin and C. Pauline Heller, and the Donor's cousin, Elaine Heller, in equal shares, and upon the death of any of the Donor's said sisters or cousin, the share of income which the deceased would have taken, if living, shall go to her issue, per stirpes, and if there be no issue then it shall be distributed among the survivors of said beneficiaries, ratably in the proportion in which the survivors share the income of this Trust Estate prior to the death of such beneficiary.
5. Upon the death of the last survivor of the beneficiaries of this trust fund and mentioned in Paragraph 4 hereof, the said Trustee shall distribute the corpus of the trust property to the next of kin of Paul E. Heller, as they exist at the time of his death and according to the statute in such case made and provided for the distribution of personal property of persons dying intestate in the State of New Jersey."
Arnaud G. Heller died on November 16, 1937, and Paul E. Heller died on February 26, 1948. The defendants-appellants, Trinda Heller Anthony and William F. Aigler, were appointed and qualified as administrators de bonis non with the will annexed of the estate of Arnaud G. Heller, deceased. His widow, Trinda Heller, who subsequently remarried, is the sole beneficiary under the terms of his will. At Arnaud's death, the balance of income in excess of annual payments and administration expenses, amounted to the sum of $21,323.27, and, at the time of the death of Paul E. Heller, to the sum of $55,769.47.
The trustees, by their complaint, sought, inter alia, instructions as to whether any part of the net accumulations of income as of the death of Paul E. Heller is payable to the estate of Arnaud G. Heller. The Chancery judge found *53 that the gift to Arnaud G. Heller was contingent upon his surviving Paul E. Heller, and having predeceased Paul, Arnaud's estate had no interest in the accumulated income fund. This appeal stems from that portion of the ensuing judgment concerning the distribution of the accumulated income.
The appellants contend that the settlor's intention was to make a gift to Arnaud G. Heller during his lifetime of the income from the trust in excess of that required to pay the insurance premiums and administration expenses; that the gift was a vested life estate in Arnaud G. Heller, to be followed by similar life estates in other named beneficiaries. It is argued that the trial court has erroneously disregarded the intent of the donor and has violated the following rules of construction: (1) in case of doubt, gifts should be regarded as vested rather than contingent; that there is a postponement in payment purely for the convenience of the fund and that there is nothing in the trust instrument to suggest that Arnaud must survive Paul to become entitled to net income payment; that (2) the policy of the law inclines against accumulations; that (3) the rights of successive beneficiaries depend upon the time of accrual of the income rather than upon the time of payment.
The respondents concede that the rules of construction cited and discussed by the appellants are correct statements of the settled rule of New Jersey, but, they argue, in view of the fact that the settlor's intent is clearly discernible from the instrument itself, they have no applicability here; that the instrument should be construed in favor of the special objects of the settlor's bounty, i.e., his uncle, five sisters and a cousin; that, if distribution were made as appellants suggest, it would do violence to the principle that is controlling here. With that view we concur. National State Bank of Newark v. Stewart, 135 N.J. Eq. 603 (E. & A. 1944); Christ's Home v. Mattson, 140 N.J. Eq. 433 (E. & A. 1947); Dickerson v. Dickerson, 4 N.J. Super. 237, 241 (App. Div. 1949).
*54 To determine the meaning and effect of the deed of trust, our primary inquiry must be to ascertain the intent of the settlor from the language of the instrument itself. If the meaning of the language is plain and unambiguous, the instrument must be given effect accordingly. This rule is familiar and elementary, and to it all others are subordinate and subservient. National State Bank of Newark v. Stewart, supra; Lockwood v. Clarke, 136 N.J. Eq. 195 (Ch. 1945); 5 New Jersey Practice, Clapp on Wills and Administration, sec. 108, pp. 247-257; 2 Schouler on Wills, Executors and Administrators (6th ed. and 1926 Supp.), 942, sec. 838; 959, sec. 849; 972, sec. 857; 2 Page on Wills (3d ed.), 792, sec. 916. If we but let the instrument speak for itself instead of attempting to construe its plain, unambiguous terms according to a set of abstruse and arbitrary rules, there is less chance of error; but if we apply technical rules of construction to such an instrument we may be led far afield.
The parties concede that paragraphs 1 and 4 of the trust instrument control the question at issue. Our review of paragraph 1 convinces us that the settlor's primary consideration was to make certain that there would always be sufficient income in one year, or in the accumulation of earnings of prior years, to pay the premiums on the insurance policy on the life of Paul E. Heller. To assure that end, paragraph 1 specifically provides that in addition to the payment of current premiums out of current income, the excess income in any one year could be used in any future years for the payment of the premiums; that the donor might make a contribution in any required amount to pay the premiums (that amount to be repaid to him upon request); and further, that if the foregoing sources proved inadequate, "The Trustee shall have authority to make up the deficiency by a payment from the principal of the Trust Estate." That primary purpose or intent of the settlor appears sufficiently spelled out as to require no construction or interpretation beyond the effectuation of the language of the instrument itself.
*55 As stated in National State Bank of Newark v. Stewart, supra,
"The judicial interpretative function is to find the meaning of the testator as expressed in the language used, considered in the light of the attendant circumstances, and enforce it unless forbidden by positive rules of law or public policy. If the testamentary purpose is exhibited by terms that are clear and unequivocable, there is no room for construction in its general acceptation. In re Fisler, 133 N.J. Eq. 421. * * * All principles and rules in aid of interpretation yield to the intention revealed by the context."
The specific directions for distribution of the income of the trust, with the exception of the payment of the insurance premiums and the administration expenses, is provided for in paragraph 4, wherein it is stated: "Upon the death of Paul E. Heller, the net income of the trust estate until distribution of corpus, shall be paid to" designated life beneficiaries. That the settlor clearly intended that the income should not be distributed until the occurrence of the death of Paul E. Heller not only may be gleaned from the language of paragraph 4, but also by that part of paragraph 1, directing that "* * * any balance of said net income remaining in any one year after the net premiums for said year shall have been fully paid, as aforesaid, shall be held and distributed in accordance with the terms of this agreement, as hereinafter stated, * * *" We think this direction unquestionably refers to the aforementioned provisions of paragraph 4. The appellants make the ingenious argument that "the intent of the settlor as gathered from the whole instrument must prevail over the isolated words `upon the death of Paul' * * *" Surely, the words "upon the death of Paul E. Heller" cannot be dismissed so lightly. Rather, they have a clear and definite meaning with respect to the distribution of income. To hold otherwise, would be destructive of the settlor's objectives and do violence to the purpose and meaning of the deed of trust. McCracken v. Gulick, 92 N.J. Eq. 214 (E. & A. 1920); Woods v. Woods, 102 N.J. Eq. 502, 506 (Ch. 1928); reversed on other *56 grounds, 105 N.J. Eq. 205 (E. & A. 1929); Debrabant v. Commercial Trust Co., 113 N.J. Eq. 215 (Ch. 1933); Clark v. Commercial Trust Co. of N.J., 119 N.J. Eq. 133 (Ch. 1935); Palisades Trust, &c., Co. v. Probst, 128 N.J. Eq. 332 (Ch. 1940); Fidelity Union Trust Co. v. Warren, 135 N.J. Eq. 239 (Ch. 1944); Del Veccio v. Hood, 2 N.J. Super. 169, 172 (Ch. Div. 1948). Therefore, reading the provisions of the trust instrument in their entirety, we reach the logical conclusion that the distribution of income was to be made only upon the death of Paul E. Heller; and then to designated life beneficiaries, and that the contingency on which Arnaud was to receive a distributive share of the income having failed to occur, his estate was not entitled to any part thereof. That, we take to be the clear intent of the donor as gathered from the four corners of the trust instrument.
The judgment of the Superior Court, Chancery Division, is affirmed.