Complainants, the surviving executors and trustees under the will of Walter P. Bliss, deceased, ask permission of this court to invest or reinvest at least part of the assets of the estate in common stocks or preferred stocks. A list of such stocks in which investment is sought was presented, which list has been recommended by well known investment houses. They claim if such permission is granted it will result in a greater diversification and security of the principal of the trust funds of said estate and at the same time render a larger return for the life beneficiary. They also contend that such investments under present economic conditions would constitute a security of principal against inflation. They say that if the railroad bonds are sold at a loss a reinvestment of the proceeds in said stocks would restore some of the principal lost by the market depreciation of the railroad bonds. They also say that if they are required to reinvest in legal securities at the present prices a further loss of principal will result.
The application is made under the provisions of the R.S. 1937,3:16-17 and 3:16-18 as well as under the general equity power of this court. There is no doubt that the chancellor may in cases of emergency and for the preservation of a trust estate authorize the trustees to do that which under ordinary circumstances they would not be permitted to do. Price v. Long, 87 N.J. Eq. 578;New Jersey National Bank and Trust Co. v. Lincoln Mortgage andTitle Co., 105 N.J. Eq. 557; Trust Company of New Jersey v.Glunz, 119 N.J. Eq. 73. The statute above referred to recognizes that the court has power to act in times of emergency in such matters. No doubt changes in economic conditions have occurred since the creation of the trust.
The question for determination is whether or not this is a proper case for the exercise of the court's authority. It must be determined whether by a continuance of the investment scheme as set forth by the trust the objects and purposes of the trust will be defeated in whole or in part or *Page 310 
whether the interests of the beneficiaries would be promoted by the requested change.
The trustees argue that too much of the principal is invested in railroad securities. Apparently the testator had faith in railroad investments and invested a considerable amount of his money in such securities. Under the trust, however, the trustees may reinvest such funds in legal securities. It appears, however, that the widow is not satisfied with the income which would result for her by reason of the investment of the funds in legal securities and wishes a greater income than such investments would produce.
Incomes of many trusts have diminished in recent years. It is the duty of the court to protect the remaindermen as well as the life beneficiary. Such is also the duty of the trustees. It is not the province of this court to allow trustees to speculate in stocks which might result in a loss to the remaindermen. See Inre Lucey, 98 N.J. Eq. 314; Hughes v. Federal Trust Co.,119 N.J. Eq. 502. It does not seem to me that the objects and purposes of the trust will be defeated by a continuance of the scheme set forth in testator's will. The will provides that the funds may be invested in such securities as the testator left at the time of his death or in any investments permissible by law to trustees in the State of New York or in good interest paying mortgage bonds of any railway corporation which at the time of such investment has paid and for at least five years prior thereto has been paying dividends of not less than five per cent. per annum upon the capital stock of such corporation, c. The will further provides: "And I authorize and empower my Executors and Trustees, * * * from time to time, to call in and change investments as to them may seem best, within the limitations as to investing my property hereinabove set forth." The will also permits investments in good interest paying "bonds or stock of any State of the United States or of any City in the United States with a population of more than 100,000."
It seems to me that under such provisions of the trust the trustees have a broad investment power. Under all the facts and circumstances in this case I am of the opinion the application should be denied. *Page 311