Margaret Guenther Osgood Reiner et al., complainants-respondents,

*v.*

Fidelity Union Trust Company, as trustee, &c., et al., defendants-appellants.

[Argued February 9th, 1940.   Decided May 21st, 1940.]

*Messrs. Hood, Lafferty & Campbell* and *Mr. Charles Danzig,* for the defendants-appellants.

*Mr. Louis Stein,* for the complainants-respondents.

The opinion of the court was delivered by

Donges, J.

This is an appeal of the Fidelity Union Trust Company, trustee under a declaration of trust of Paul Guenther, from a final decree dismissing exceptions to a report made by a special master in a case involving a prayer for authorization to the defendant Fidelity Company, as trustee, to make invest-

ment of a portion of the funds which had come into its hands as the result of disposal of securities in the trust, not exceeding twenty per cent. of the principal of the trust fund, in such common stocks as are designated in schedule A annexed to the decree, or in the common stocks of corporations of similar character which have been in business for at least five years, as the trustee may determine.

The donor, Paul Guenther, set up the trust with 12,500 shares of seven per cent. cumulative preferred stock of Paul Guenther, Inc. It appears that shortly after the making of the trust, the stock was converted into money and the trustee came into possession of $1,250,000 in cash as the principal of the main trust fund. By the terms of the trust, dated December 28th, 1922, it was provided that the net income was to be divided between the donor's wife, Olga Guenther, and his daughter, and after the death of the wife the daughter was to have the benefit of the trust and one-tenth of the principal was to be paid to her every two years until it was exhausted, and should she die before receiving the whole of the principal, then the balance of the principal was to be paid to such persons as she may appoint by her will, and in default of such designation, to be paid to and among her issue, if any, *per stirpes,* and in default of both designation by will and issue, was to be paid to her estate, that is the estate of the daughter.

The trust agreement further provided "Should the above described stock, or any stock or securities issued and or held in lieu thereof, be redeemed then and in that event to invest the proceeds derived therefrom in such Securities as are by the laws of the State of New Jersey designated as legal investments for trust funds."

The complaint in the bill is that economic conditions are such that it is highly desirable to invest at least twenty per cent. in other than legals, the plain purpose undoubtedly being to get a larger income, although under the proofs it would appear that there has been no substantial shrinkage of the estate. There was some shrinkage in income. In 1925 the income amounted to $70,000 plus; in 1926, $68,000 plus; and in 1937, $54,000 plus.

The respondents rely upon the statute of 1937, namely *R. S. 3:16-17* and *18,* as authorizing and conferring jurisdiction on the Court of Chancery to make this decree. The statutory provisions are:

*R. S. 3:16-17.* "In all cases where by reason of a change in conditions which has or shall have occurred or which may be reasonably foreseen the objects and purposes of any trust heretofore or hereafter created by deed, will or other instrument might be defeated in whole or in part by the investment or continuance of the investment of all the funds of such trust in the kinds or classes of securities to which the trustee is or shall be limited by the statutes of this state or by the instrument or instruments creating such trust, any trustee or beneficiary of such trust may file a bill or petition in the Court of Chancery praying for a decree permitting or directing the trustee or trustees of such trust to invest all or a part of the funds thereof in other kinds or classes of investments."

*R. S. 3:16-18.* "If the court shall find that by reason of a change in conditions which has or shall have occurred since the creation of such trust or by reason of a change in conditions which may be reasonably foreseen the objects and purposes of the trust might be defeated in whole or in part by the investment, or continuance of the investment, of all the funds of such trust in the kinds or classes of investments to which the trustee is then limited by the statutes of this state or by the instrument or instruments creating such trust and that the objects and purposes of the trust and the interest of all the beneficiaries thereof, whether vested or contingent, would be promoted by the investment of all, or some part, of the trust funds in classes or kinds of investments other than those specified by the statutes of this state or by the instrument or instruments creating such trust, the court shall by its decree, notwithstanding that the trust so created may be in default ＊ ＊ ＊, authorize or direct the trustee of such trust to invest the whole, or such part thereof as it shall designate, in any class or classes of investments, including common or preferred stocks of corporations of this state or of any other state or country, which in its judgment will promote the objects and· purposes of the trusts and the interests of all the beneficiaries thereof; provided, that the court shall not authorize or direct the purchase of any class of common or preferred stock of any corporation unless such corporation shall have been organized and engaged in the conduct of its business for five calendar years immediately preceding the purchase of the stock of such corporation."

It appears, therefore, that the statutory purpose was to permit the Court of Chancery to direct investments in securities other than those to which a trustee is limited only where a carrying out of the trust, in view of changed conditions,

might be defeated by a continuance of investments in the kinds or classes of investments to which a trustee is limited. That is not the situation here. Here the donor provided that the funds should be invested in legals. The income was to be distributed and, in certain eventualities, the principal was to be distributed, but it does not appear that the purposes of the trust will be defeated because there has been some shrinkage in income. It appears that the sole purpose to be accomplished is to increase income by investing in stocks that will produce more but will not be legals.

In view of the determination of this court in the case of *Bliss* v. *Bliss, 126 N. J. Eq. 308; affirmed, 127 N. J. Eq. 20,* in which there was an affirmance of the decree advised by Vice-Chancellor Kays dismissing the bill of complaint where there was an effort to increase the income for the benefit of the *cestuis que trust,* this decree must be reversed. In this case the whole situation was put upon the basis of economics, not the necessity of the beneficiaries. The only witnesses were the trust officer of the trust company and an investment broker. Without taking up the question of the jurisdiction of the Court of Chancery to make the decree in the circumstances, it seems that on the authority of *Bliss* v. *Bliss, supra,* we are compelled to reverse. In the *Bliss Case* there·was testimony of a substantial shrinkage of both the value of the *corpus* and of the income, with resultant inconvenience to the *cestuis que trust* and to the remaindermen on final distribution. But in that case, as in this case, there was no evidence that the purposes of the trust were likely to be defeated. Therefore, the warrant given by the statute for intervention by the Court of Chancery is lacking, and failing this the decree must be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.