9 N.J. Super. 324 (1950)
74 A.2d 368
THE FIRST NATIONAL BANK OF JERSEY CITY, A NATIONAL BANKING ASSOCIATION, AS SUBSTITUTED TRUSTEE UNDER A DEED OF TRUST DATED MAY 9, 1907, PLAINTIFF,
v.
EMILY L. STEVENS, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 26, 1950.
*325 Mr. Frederic W. Schumann, for the plaintiff (Messrs. O'Mara, Conway & Schumann, attorneys).
Mr. Gilbert D. Chamberlin, for defendants Emily L. Stevens, Edward A. Stevens, Jr., Basil M. Stevens and Lawrence L. Stevens (Messrs. Besson & Applegate, attorneys).
Mr. Howard Engel, for defendants Bayard M. Stevens and Nancy S. Allen (Messrs. Lichtenstein & Engel, attorneys).
Mr. Henry G. Haas, for defendants Mary G. Stevens, individually and as executrix and trustee under the will of Bayard Stevens, deceased, and Alice Dee Stevens, individually and as administratrix with the will annexed of the estate of Washington Lewis Stevens.
Mr. William S. Stuhr, for defendants Ralph Stevens and Emily Dee Stephany (Messrs. Stuhr & Vogt, attorneys).
Mr. Frederick K. Hopkins, for defendant Hudson Trust Co., trustee under the last will and testament of John Stevens, deceased (Messrs. Hopkins, Vorburger & Dickson, attorneys).
STANTON, J.S.C.
In 1907, Edwin A. Stevens created an inter vivos trust and deposited with the trustees certain shares of the capital stock of The Hoboken Land and Improvment *326 Company. Upon the death of the settlor and his wife, part of the corpus was distributed, leaving in the fund only two hundred shares of such stock; the entire income then became payable to the settlor's daughter Emily A. Stevens for life, with remainder over upon her death. The Hoboken Land and Improvement Company was dissolved in December, 1946, and plaintiff, as substituted trustee, received a liquidating dividend in the form of stocks, bonds and cash.
The deed of trust is silent as to changes in the investment of the fund and as to the manner of reinvestment upon the dissolution of the corporation. At the present time the fund, with one exception, is invested in securities, in which a fiduciary is permitted by statute to invest, without special order of a court. The holding of one hundred and fifty shares of the capital stock of Hackensack Water Company constitutes the exception.
The only issue presented by the pretrial order is whether plaintiff should be permitted to invest and reinvest in securities other than those in which a fiduciary is authorized by statute to invest without special order of a court. The life beneficiary and the three surviving sons of the settlor contend for the affirmative while the remaining defendants, who are the wives, children or representatives of the three deceased sons of the settlor oppose it.
This court, as successor of the Chancellor, has the inherent power to authorize or direct investments, or changes therein, which are not permitted by the terms of the trust, but such power is exercised only in situations of emergency or necessity. Lambertville National Bank v. Bumster, 141 N.J. Eq. 396 (Ch. 1948), and cases therein cited.
In the absence of directions as to investments in the deed of trust or the will or the order of a court having jurisdiction of the matter, R.S. 3:16-1, N.J.S.A., describes the securities in which a fiduciary, having the duty to do so, may invest money entrusted to him. Such statutory provisions, which are designed for the protection of cestuis and remaindermen and for the guidance of fiduciaries, are mandatory. The *327 Pennsylvania Company, &c., v. Gillmore, 142 N.J. Eq. 27, 48 (Ch. 1948).
R.S. 3:16-17 and 18, N.J.S.A., provide that where, by reason of a change in conditions which has occurred or which may be reasonably foreseen, the objects and purposes of a trust might be defeated, in whole or part, by the investment or continuance of the investment of all the funds in the kinds of securities limited by statute or the terms of the instrument creating the trust, the court may authorize or direct the trustee to invest the whole or a designated part of the funds of the trust in any class of investment which in its judgment will promote the objects and purposes of the trust and the interests of all the beneficiaries thereof.
There is no proof here of the existence of any necessity or emergency which should move the court to exercise its inherent power, which is exercised only with caution, to direct the type or kind of investment. Nor is there proof of any change in conditions, actual or foreseen, whereby the objects of the trust might be defeated, which should move the court to direct or authorize the investment of the fund, or any part of it, other than as prescribed in R.S. 3:16-1, N.J.S.A.
It is argued that the settlor, having created the funds with the deposit of securities of a type or kind in which fiduciaries are not authorized by statute to invest, there arises on the forced liquidation of such securities an implication that the settlor intended that the trustee should have the authority to invest in securities other than those prescribed by the statute. No authority is cited in support of this and I can find none.
It is the desire of the life beneficiary and the remainderman who are her brothers to have part of the fund invested in common stocks to procure greater income and to set up a hedge against inflation. From the stipulations before me it would appear that the annual income received by the life beneficiary since the dissolution of The Hoboken Land and Improvement Company is substantially more than she received annually in the ten preceding years. Similar considerations were before our courts in recent years and were decided adversely to the *328 contentions of the life beneficiary and her brothers. Bliss v. Bliss, 126 N.J. Eq. 308 (Ch. 1939); affirmed, 127 N.J. Eq. 20, and Reiner v. Fidelity Union Trust Company, 127 N.J. Eq. 377 (E. & A.).
In Morris Community Chest v. Wilentz, 124 N.J. Eq. 580 (Ch. 1939), authorization was given to invest part of a trust fund in designated common stocks. That case concerned a charitable trust and there were no rights of remaindermen to be considered. It was proved there to the satisfaction of the court that the objects and purposes of the trust had already been defeated in part due to a change in conditions. That case has no application here.
It is concluded therefore that the trustee is limited to the investments authorized by statute and that the proofs in this proceeding do not warrant any deviation therefrom. Judgment may be entered accordingly.