25 N.J. Super. 44 (1953)
95 A.2d 429
THE PLAINFIELD TRUST COMPANY TRUSTEE UNDER THE LAST WILL AND TESTAMENT OF GEORGE M. BOWLBY, DECEASED, PLAINTIFF,
v.
FOSTER R. BOWLBY, GERTRUDE L. EOFF, MARGARET BOWLBY, ALFRED G. BAUER, JR., AUDREY BOWLBY CANNIS AND SHIRLEY EOFF YERKES, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 27, 1953.
*46 Messrs. Codington & Blatz (Mr. Frank H. Blatz appearing), attorneys for plaintiff.
Mr. Philip H. Moskovitz, attorney for defendants.
STEIN, J.S.C.
The complaint is brought for the determination of whether the plaintiff may legally retain 2,076 shares of common stock of Westinghouse Electric Corporation in the trust created under the terms of the last will and testament of George M. Bowlby, and whether said shares of common stock are corpus or income, or partially corpus and partially income.
The plaintiff, The Plainfield Trust Company, is the duly qualified trustee under the will of George M. Bowlby who died on March 2, 1923, leaving a last will and testament duly probated. The defendants are the beneficiaries of the trust set up in his will. The portion of the will pertinent is the following:
"I give, devise and bequeath to The Plainfield Trust Company of Plainfield, Union County, New Jersey, one thousand (1,000) shares of the First Preferred stock of the Westinghouse Electric and Manufacturing Company, in trust nevertheless for the benefit of others in the following manner. I direct the said. The Plainfield Trust Company, Trustee, to pay the income from the said shares every three (3) months to my wife, Margaret Bowlby, to my daughter, Helen Marguerite Bauer, to my daughter, Gertrude Louise Eoff and to my son, Foster R. Bowlby, share and share alike, and upon the death of my wife, Margaret, or of any one of my children, then that certain share or portion shall be divided equally between those above named and still living, but upon the death of any of my children, leaving issue then that certain share or portion shall go to the issue of him or her, deceased, and upon the death of my wife, Margaret Bowlby and of all my children, I direct that the said shares be divided between my grandchildren, then living, share and share alike, and should any of my grandchildren have died, leaving issue then that certain share or portion shall go to the issue of him or her, deceased."
*47 Helen Marguerite Bauer, daughter of the testator, died on or about the 11th day of January 1937, leaving her surviving two sons, Alfred G. Bauer, Jr. and John B. Bauer. The said John B. Bauer died on or about November 28, 1942 without leaving issue him surviving. Margaret Bowlby, widow of testator, Foster R. Bowlby, son of testator, and Gertrude L. Eoff, daughter of testator, are now living. The said Foster R. Bowlby has one daughter, Audrey Bowlby Cannis, who is now living, and the said Gertrude L. Eoff has one daughter, Shirley Eoff Yerkes, who is now living.
On March 7, 1924 1,000 shares of Westinghouse Electric and Manufacturing Company first preferred stock were received by plaintiff as trustee of the aforementioned trust.
On May 21, 1924 plaintiff as trustee received 100 shares of common stock of Westinghouse Electric & Manufacturing Company as a stock dividend, and in accordance with a decree entered in the Court of Chancery of New Jersey distributed 72 of said shares to the life beneficiaries and retained 28 of said shares in the aforementioned trust.
On April 11, 1945 Westinghouse Electric & Manufacturing Company, by vote of its stockholders, changed its name to Westinghouse Electric Corporation and issued to plaintiff as trustee 4,000 shares of Westinghouse Electric Corporation 7% preferred stock in exchange for the 1,000 shares of Westinghouse Electric & Manufacturing Company first preferred stock then held by plaintiff as trustee. The stockholders also voted a 3 for 1 split of the common stock of said company, and plaintiff as trustee received 76 shares of common stock of Westinghouse Electric Corporation in exchange for the 28 shares of common stock of Westinghouse Electric & Manufacturing Company then held by plaintiff as trustee.
On December 10, 1946 Westinghouse Electric Corporation, by vote of its stockholders, issued to plaintiff as trustee 1,000 shares of Westinghouse Electric Corporation 3 1/2% preferred stock and 2,000 shares of common stock of Westinghouse Electric Corporation, in exchange for the 4,000 shares of *48 7% preferred stock of Westinghouse Electric Corporation held at that time by plaintiff as trustee.
On January 6, 1950 Westinghouse Electric Corporation redeemed the 1,000 shares of Westinghouse Electric Corporation 3 1/2% preferred at 104 per share.
Plaintiff now holds in the aforesaid trust 2,076 shares of common stock of Westinghouse Electric Corporation, and is unable to determine whether it may legally retain said common stock in this trust, or whether said stock should be sold and the proceeds realized from said sale invested in accordance with the laws of the State of New Jersey pertaining to the investment of trust funds.
The testator gave no express directions to the trustee as to the reinvestment of the corpus of the trust in the event that the 1,000 shares of first preferred stock of the Westinghouse Electric and Manufacturing Company were redeemed or additional stock was received as a stock dividend on the original security or on the reorganization of the capital structure of the corporation.
I find no expression of intent by the testator that the trustee may invest in securities or obligations other than such as are designated as legal investments and conclude that it is the duty of the trustee in the circumstance to convert non-legal investments which came into its hands, within a reasonable time after receipt thereof, and reinvest the proceeds from such sale in proper trust investments. Where the will contains no directions as to investments N.J.S. 3A:15-1 describes the securities in which a fiduciary, having the duty to do so, may invest funds entrusted to him. In the instant case the original security was redeemed and the non-legal security (common stock) now held by the trustee is merely an outgrowth of the original security and should be sold and the proceeds invested in securities allowed by law. First National Bank of Jersey City v. Stevens, 9 N.J. Super. 324, 74 A.2d 368 (Ch. 1950).
With reference to the original 28 shares of common stock of the Westinghouse Electric and Manufacturing Company, the same were heretofore declared by the former Court *49 of Chancery to be corpus. The shares were later exchanged for 76 shares of common stock of the company, and I conclude that the same remain as corpus in the trust.
The 2,000 shares of common stock were received by the trustee together with 1,000 shares of 3 1/2% preferred stock in exchange for the 4,000 shares of 7% preferred stock held by the trustee. This stock was a partial replacement of the original preferred stock and is to be held as corpus. Where, as here, the trust instrument is silent as to the investment powers of the trustee, it is presumed that the testator intended that the trustee should be empowered to make such investments as from time to time the Legislature might authorize. The trustee may invest in legal securities permitted by N.J.S. 3A:15-1, and, if it chooses, in limited legal investments, in accordance with the standard of care and not in excess of the percentage prescribed by the Prudent Man Investment Statute, N.J.S. 3A:15-18 et seq.; Fidelity Union Trust Co. v. Price, 11 N.J. 90, 104 (1952).
Judgment in accordance with the foregoing.