177 N.J. Super. 258 (1980)
426 A.2d 88
IN THE MATTER OF THE FRIEDA M. CRICHFIELD TRUST.
Superior Court of New Jersey, Chancery Division Union County.
Decided November 21, 1980.
*260 Michael A. Guariglia for the trustee Summit Board of Education (McCarter & English, attorneys).
Kenneth M. Olex, Deputy Attorney General, for the unknown charitable beneficiaries (John J. Degnan, Attorney General, attorney).
KENTZ, J.S.C.
The Board of Education of the City of Summit, trustee of the Frieda M. Crichfield Trust, applies to this court by way of order to show cause under R. 4:67-1 and R. 4:99-1(b) to amend the trust in order to implement the purpose and intent of the settlor. The complaint has two counts. Plaintiff trustee requests in count one that Article FIRST and Article SECOND, paragraph (3) be construed to permit the award of scholarships to eligible female as well as male students at Summit High School. In addition, plaintiff requests in count two that Article SECOND, paragraph (4) be amended to allow the scholarship award to reflect the trust income generated in the year preceding the award which shall not be less than the present amount of $400.
The Crichfield Trust established a yearly college scholarship for "worthy boys of Summit High School" in the amount of $400. The plaintiff seeks an amendment of the trust which was created in 1932 to allow for adaptation to circumstances which the settlor may not have foreseen.[1]
*261 A court of chancery may modify or amend an existing trust to prevent the impairment of the trust's primary purpose. National Newark & Essex Banking Co. v. Osborne, 19 N.J. Super. 175, 183 (App.Div. 1952). The Lambertville National Bank v. Bumster, 141 N.J. Eq. 396, 399 (Ch. 1948). At the time the trust was created in 1932 few female graduates of Summit High School sought higher education and the settlor may not have foreseen the change in the number of women pursuing higher education and the growth in public and legal awareness of sex discrimination. When the trust was established it provided a yearly award of $400. The cost of a college education has increased dramatically since 1932 and $400 is no longer a significant contribution to a student's annual expenses. In 1979 the trust income had increased to approximately $1,300 due to higher interest rates.
The doctrine of cy pres permits a court to redirect the precise terms of a trust when it has become impracticable, impossible or illegal to administer the trust according to its terms. Howard Savings Trust v. Peep, 34 N.J. 494, 500-501 (1961). For cy pres to be applicable, the settlor must have manifested a more general charitable purpose and the proposed deviation from the trust's terms must be in accord with that purpose. Here, Mrs. Crichfield manifested a general charitable purpose of aiding "the worthy students of Summit High School." A trust for the advancement of learning is charitable. Howard, Id. at 502; Wilber v. Owens, 2 N.J. 167, 174 (1949).
The plaintiff requests this amendment of the trust so that it may avoid discriminating against the female graduates of Summit High School. Since the Board's action in administering the trust is state action, continuing awards of scholarships under the existing trust must meet constitutional standards.[2]Moose *262 Lodge No. 107 v. Irvis, 407 U.S. 163, 92 S.Ct. 1965, 32 L.Ed.2d 627 (1972); Burton v. Wilmington Parking Authority, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); In re Will of Cram, 606 P.2d 145 (Mont. 1980). While the United States Supreme Court does not consistently require a compelling state interest to justify differentiation on the basis of sex,[3] it does require more than a rational relationship to a legitimate governmental objective.[4] A sex-based classification will generally be invalidated under the equal protection clause of the Fourteenth Amendment unless it is substantially related to an important governmental objective. Craig v. Boren, 429 U.S. 190, 199, 97 S.Ct. 451, 457, 50 L.Ed.2d 397 (1976); Weinberger v. Wiesenfeld, 420 U.S. 636, 648-651, 95 S.Ct. 1225, 1233-1234, 43 L.Ed.2d 514 (1975). The court has allowed sex-based classifications to stand when the defender of the discrimination has shown that the actual purpose of the discrimination was compensatory. Califano v. Webster, 430 U.S. 313, 318, 97 S.Ct. 1192, 1195, 51 L.Ed.2d 360 (1977). Here, no party has defended the discrimination as compensatory for past discrimination.[5] The restriction of this scholarship to boys is not substantially related to important governmental objectives but is in contravention of the Board's policies against discrimination. The involvement of the court itself in supervising and directing the administration of a charitable trust is state action. In re Will of Potter, 275 A.2d 574 (Del. Ch. 1970); see *263 also Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948). The limitation of the trust to one sex does not meet constitutional standards for sex discrimination.
The trust's original terms provided that the annual scholarship award should reflect the amount of income produced by the trust principal in 1932, or $400. The present income is more than three times that amount. The terms of a trust may be modified by a court of chancery to prevent harm to beneficiaries resulting from a change of circumstances unanticipated by the settlor of the trust. National Newark & Essex Banking Co. v. Osborne, 19 N.J. Super. at 183; The Lambertville National Bank v. Bumster, 141 N.J. Eq. at 399; Price v. Long, 87 N.J. Eq. 578, 581-582 (Ch. 1917). Article SECOND of the trust, paragraph (2) provides that the income of the trust is to be paid to the scholarship recipient while paragraph (4) of the same Article sets the annual scholarship at $400. The necessary implication from these provisions is that the amount of the award was established at the then current income. A modification of the terms of the trust to allow the present income to be awarded annually would seem to be in accord with the intent of the settlor and would more effectively carry out the purpose of the trust.
For the foregoing reasons, the court will grant the relief requested by plaintiff.
NOTES
[1] An extensive search by plaintiff has failed to uncover any living relatives of the settlor.
[2] U.S.Const. Amend. XIV, § 1, "no state shall ... deny to any person within its jurisdiction the equal protection of the laws." N.J.Const. Art. I, par. 5; N.J.S.A. 10:5-1 and 3. See also N.J.S.A. 15:18-21(b) which allows a court to release a trust restriction which is obsolete, inappropriate or impractical.
[3] See Commonwealth of Pa. v. Brown, 392 F.2d 120 (3d Cir.1968). But see Fronterio v. Richardson, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973).
[4] Norvell v. Illinois, 373 U.S. 420, 423, 83 S.Ct. 1366, 1368, 10 L.Ed.2d 456 (1963). Under this test only minimal scrutiny is required.
[5] Compare Trustees v. Gebelein, 420 A.2d 1191, 1196 (Del. Ch. 1980) (charitable trust limited to females upheld where testator's intention to compensate for past discrimination against women shown). Citing Title IX of the Education Amendments of 1973, 20 U.S.C. sub-section 1681, and 45 C.F.R. Part 86.37(b), p. 411.