**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3861-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HAKEEM MALONEY, a/k/a
RAHEEM BROWN, RAHEEN
BROUND, ALTARIQ COOK,
ALTERIQ COOK, HAKIM
HICKSOB, HAKIM HICKSON,
ALLATEEF JACKSON, and
HAKIM MALON,

    Defendant-Appellant.

_____

        Submitted January 27, 2026 – Decided March 11, 2026

        Before Judges Rose and Torregrossa-O'Connor.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 17-07-1974 and 17-07-1976.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the briefs).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Hakeem Maloney appeals from a June 7, 2024 order, accompanied by a cogent written decision, denying his petition for post-conviction relief (PCR) without an evidentiary hearing. In a single point, defendant renews three of the six claims asserted in his petition:

> THE PCR COURT IMPROPERLY DENIED [DEFENDANT]'S CLAIMS THAT HE RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILING TO OBTAIN AN EXPERT REPORT, FAILING TO OBTAIN THE INFORMATION WHICH FORMED THE BASIS OF THE STATE'S EXPERT REPORT, AND FOR FAILING TO ADEQUATELY COUNSEL [DEFENDANT] ON HIS RIGHT TO TESTIFY, WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING.

Unpersuaded, we affirm.

I.

The facts and events are detailed in our prior unpublished opinion, affirming defendant's convictions and sentence, State v. Maloney, No. A-2313-18 (App. Div. Nov. 3, 2022) (slip op. at 3-6, 15-20), and accurately summarized in the PCR judge's decision. Accordingly, we need not reiterate the details for purposes of this appeal.

2                                                                    A-3861-23

In essence, a jury convicted defendant of conspiracy to commit murder and related weapons offenses for his part in the April 21, 2017 early morning shooting death of William Porter IV in a parking lot near a Newark nightclub. Tried with his co-defendants, Rashan M. Jackson and Naim Jones, the State argued the motive for the shooting was gang related. To further its theory, the State presented the testimony of its gang expert, Detective John Marcelli of the Essex County Prosecutor's Office, who opined defendant and Jones were high-ranking members of the Bloods gang. Defendant did not testify or call a competing expert. Jackson took the stand, admitted he shot Porter, but said he did so in retaliation for a personal beef, thereby exculpating defendant and Jones. The jury deadlocked on the murder and promoting street crime charges. In a separate trial, the same jury convicted defendant of unlawful possession of a weapon by a person with a NERA[1] conviction.

In January 2019, defendant was sentenced to an aggregate prison term of seventy years with a fifty-two-year parole disqualifier. The court dismissed the two deadlocked counts. After we affirmed defendant's convictions and sentence, id. at 84, the Supreme Court denied certification, State v. Maloney, 252 N.J. 611 (2023).

---

[1] No Early Release Act, N.J.S.A. 2C:43-7.2.

A-3861-23

In March 2023, defendant filed a timely PCR petition on his own behalf, generally alleging ineffective assistance of trial counsel. Defendant was assigned counsel, who filed a brief and supplemental petition, elaborating upon defendant's claims. Pertinent to this appeal, defendant asserted trial counsel was ineffective for failing to: (1) retain a gang expert to challenge Marcelli's methodology and conclusions; (2) obtain the information relied upon by Marcelli during the N.J.R.E. 104 hearing on the admissibility of his testimony as a gang expert; and (3) fully explain his right to testify at trial.

In support of his first argument, defendant provided, without a supporting certification, the May 8, 2024 report of Barry Colicelli, a retired detective captain with the Newark Police Department's Gang Enforcement Unit. In his report, Colicelli explained he reviewed Marcelli's report and the trial transcripts, and deemed speculative Marcelli's opinion that defendant was a high-ranking gang member. But Colicelli acknowledged defendant was "without a doubt a member of the [B]loods" gang. In his supplemental PCR certification, defendant asserted: "I am not, and have never been, a member of any gang."

Addressing his second contention in his counseled PCR brief, without a supporting certification, defendant claimed for the first time during the N.J.R.E. 104 hearing, the State acknowledged Marcelli relied on documentation from the

4

Department of Corrections, which was not cited in his report. Defendant asserted trial counsel failed to obtain a copy of that documentation.

As to the third contention, in his supplemental certification, defendant asserted before and during trial, he informed trial counsel he wanted to testify. Defendant stated he wished "to explain that [he] had no involvement in the preparation or planning of the shooting . . . and was completely unaware of anything that Jackson and Jones might have been planning." He claimed he went to the club "to socialize."

Defendant stated trial counsel "never prepared [him] to testify," and "never explained . . . the benefits of testifying . . . compared to remaining silent" or "the decision to testify or remain silent was [his] decision to make, regardless of [his] attorney's advice." Rather, when defendant repeatedly advised trial counsel – "[d]uring trial preparations" and at trial – of his desire to testify, his attorney "told [him] several times [he] could not take the stand and that, if [he] did, [he] would lose the case." Defendant therefore "did not believe [he] had any choice in the matter." Accordingly, defendant asserted when questioned by the trial court, "[he] said exactly what [he] was instructed to say by [trial counsel]." Defendant also stated, had he testified, he would have explained to the jury his tattoos were not indicative of gang affiliation, thereby contradicting

5

Marcelli's opinion. Defendant did not aver he told trial counsel he wished to testify about his tattoos.

In his written decision that followed oral argument on the petition, Judge Thomas A. Callahan, Jr., who was not the trial judge, thoroughly addressed all issues raised in view of the seminal Strickland/Fritz standard.[2]

Relevant here, Judge Callahan first considered defendant's argument that trial counsel's performance was deficient for failing to call a countervailing gang expert. Quoting Strickland, 466 U.S. at 689, the judge recognized when "reviewing a trial attorney's decision to call or not call a witness, courts should be 'highly deferential.'" Referencing Colicelli's report, the judge found Colicelli's opinion that defendant was "affiliat[ed] with the Bloods . . . would [have] open[ed] the door to vigorous cross-examination concerning [defendant]'s gang affiliation, criminal history, etc." Instead, as the judge noted, trial counsel and both co-counsel, "all experienced criminal defense attorneys, vigorously cross-examined Marcelli during their coordinated defense" even though they did not present the testimony of a gang expert. Finding trial

---

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) the deficiency prejudiced defendant's right to a fair trial); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

counsel's strategy was "quite sound" and "not objectively unreasonable" the judge concluded defendant failed to satisfy the first Strickland prong. See Strickland, 466 U.S. at 687-88; see also Fritz, 105 N.J. at 52.

Judge Callahan nonetheless considered the second Strickland prong, and concluded defendant was not prejudiced by trial counsel's decision. Noting defendant did not specify the charge on which the jury would have acquitted him "if a contrary expert report were provided," the judge was satisfied a defense gang expert would not have affected the verdict on defendant's convictions. The judge further noted defendant was not convicted of promoting organized street crime, which required "the State to prove [defendant wa]s a high-ranking gang member."

Nor was Judge Callahan persuaded defendant established a prima facie case for PCR based on trial counsel's alleged failure to obtain a copy of the documentation relied upon by Marcelli as disclosed during the N.J.R.E. 104 hearing. Noting "the document was entered into evidence," the judge found, aside from "[defendant]'s self-serving statement," the record did not support defendant's claim "that trial counsel did not possess this document." The judge further recognized the documents supporting Marcelli's report were litigated by the parties during the hearing. The judge also noted defendant did not explain

7

how he was prejudiced by trial counsel's alleged failure to obtain the documentation.

Finally, Judge Callahan rejected defendant's contentions that trial counsel failed to properly address his desire to testify at trial and unduly pressured him to remain silent. Quoting defendant's colloquy with the trial court, the judge noted "the record speaks for itself." For the reader's convenience, we reiterate the portion of the colloquy cited by the PCR judge, which followed the trial court's extensive confirmation that defendant was "thinking clearly" and the court's advice of rights:

> [TRIAL] COURT: And what is your decision at this time?
>
> DEFENDANT[]: I don't wish to testify.
>
> [TRIAL] COURT: What's that?
>
> DEFENDANT[]: I don't wish to testify.
>
> [TRIAL] COURT: Oh, okay. And have you had enough time to speak with [trial counsel] about that?
>
> DEFENDANT[]: Yes, sir.
>
> [TRIAL] COURT: All right. And with regard to this, did you make that decision yourself? Is that your decision?
>
> DEFENDANT[]: Yes, sir.

[TRIAL] COURT: Okay. And, again, have you been put under any pressure, made any promises, or threatened into making that decision?

DEFENDANT[]: No, sir.

Turning to defendant's PCR contentions, Judge Callahan found, "even accepting them as true," they "d[id] not support a finding that trial counsel coerced [defendant] into silence." Emphasizing the term, "if I did" in defendant's assertion that trial counsel stated, "I could not take the stand and that, <u>if I did</u>, I would lose the case," the judge underscored defendant was afforded "more than one possible course of action." The judge further noted trial counsel provided "his professional assessment of the consequences," that is, "[defendant] would lose the case" if he testified.

Finding defendant failed to establish a prima facie case of ineffective assistance of counsel on any of his claims, Judge Callahan denied defendant's request for a hearing. <u>See</u> <u>State v. Preciose</u>, 129 N.J. 451, 462-63 (1992).

II.

We review a court's decision denying a PCR petition without a hearing for abuse of discretion. <u>State v. Brewster</u>, 429 N.J. Super. 387, 401 (App. Div. 2013). "Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." <u>State v. Aburoumi</u>, 464

9

N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013).

In the present matter, Judge Callahan, who was not the trial judge, nonetheless demonstrated his familiarity with the trial record and the strategy employed by trial counsel. The record supports the PCR judge's findings. We discern no error in the judge's conclusion that defendant failed to satisfy either prong of the Strickland/Fritz test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. See Preciose, 129 N.J. at 462-63. We affirm substantially for the reasons expressed by Judge Callahan and conclude defendant raises no claims on appeal that warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-3861-23